Exhibit 35

# ALVES ✦ RADCLIFFE

June 7, 2021

DB Asset Group LLC
c/o Gary Dambach Jr., Agent for Service
8575 Somerset Drive, Ste. A
Largo, Florida 33773

Mr. Gary Dambach Jr.
3283 46th Avenue S
St. Petersburgh, Florida 33711

Mr. Todd Dambach
2338 Coronda Way S
St. Petersburgh, Florida 33711

*Via Electronic [gary@eaglelabsinc.com; gary@demandlabs.net; todd@demandlabs.net]*
*and First Class Mai*

      Re:    Raymond Zak, Integrity Business Partners LLC v. Dambach et al.
            **DEMAND FOR PAYMENT**

Messrs. Dambach:

      Please be advised that I represent Raymond Zak and Integrity Business Partners LLC regarding the agreement to purchase certain real property in Largo, Florida, more particularly described herein. Any and all future correspondence pertaining to this matter should be directed to my attention at the address listed below.

      The purpose of this letter is to provide each of you with an opportunity to avoid litigation, which will be expensive, time-consuming, and will only result in further liability exposure, including but not limited to, a potential punitive damage award.

      As you know, Mr. Zak has been a business partner and ally for several years. Because of this ongoing relationship, when he was approached by you last year regarding the proposed purchase of commercial real property in Largo , Florida (referred to as "the Somerset complex"), he readily agreed to participate in that prospective real estate investment. At your request, Mr. Zak transferred the sum of $805,000.00 to DB Asset Group LLC, which you expressly indicated was for a downpayment on the purchase price (a total of $8M), in exchange for a ten (10%) ownership interest in the project.

      In February, Mr. Zak personally was assured by you that the purchase was in progress. At that time, you informed him that close of escrow had been delayed due to a land survey that was

Phone: (916) 333-3375  www.alvesradcliffe.com
2377 Gold Meadow Way, Suite 100, Gold River, California 95670

purportedly required prior to title transfer. However, since that time, there have been no further progress updates, and you have repeatedly refused to respond to inquiries regarding the same.

Your failure to respond raised several red flags and, after investigation, we have determined that the Somerset complex property had already been sold on December 18, 2020, to Barry L. Mear, not DB Asset Group LLC. This purchase occurred three days prior to the transfer of the requested "downpayment" of $805,000.00.

It is readily apparent that you obtained $805,000.00 from my clients through willful deceit and subterfuge, with no intent to fulfill your promises to Mr. Zak and Integrity Business Partners LLC. Further, you have now been in possession of those funds for more than six months and have intentionally retained those monies for your own use in derogation of my clients' possessory rights. These wrongful acts not only expose you each to liability for the $805,000 (and the interest accrued thereon), but to punitive damages for such willful and fraudulent misconduct.

My clients hereby demand that you repay by wire transfer the sum of $805,000.00, plus accrued interest at a rate of 7% per annum, by no later than the close of business on **June 10, 2021**, and provide written confirmation of the same. Failure to comply with this demand will result in the filing of a civil action against you for fraud and deceit, conversion, intentional interference with prospective economic advantage, breach of contract, breach of fiduciary duty, breach of fiduciary duty by trustee de son tort, civil conspiracy, unjust enrichment and violation of RICO. My clients will seek not only compensatory damages, but also punitive damages at the maximum amount allowable by law, an accounting and the imposition of a constructive trust on all assets wrongfully obtained by you as a result of your fraudulent activities.

Sincerely,
**ALVES RADCLIFFE LLP**

*Suzanne M. Alves*

Suzanne M. Alves

SMA:hs

June 14, 2021

DB Asset Group LLC
c/o Gary Dambach Jr., Agent for Service
8575 Somerset Drive, Ste. A
Largo, Florida 33773

Mr. Gary Dambach Jr.
3283 46th Avenue S
St. Petersburgh, Florida 33711

Mr. Todd Dambach
2338 Coronda Way S
St. Petersburgh, Florida 33711

***Via Electronic [gary@eaglelabsinc.com; gary@demandlabs.net; todd@demandlabs.net; todd.d@decisivemerchantsolutions.com] and First Class Mai***

      Re:    Raymond Zak, Integrity Business Partners LLC v. Dambach et al.
              **DEMAND FOR PAYMENT**

Gentlemen:

I have received no response from you to my letter of June 7, 2021. I find your reluctance to address my clients' claims troubling. However, I have counseled my clients that they should provide one further opportunity to resolve this matter without litigation, which would undoubtedly be expensive for all parties involved. Although I have successfully persuaded my clients to refrain from taking legal action for an additional time, please be advised that should you fail to timely and appropriately respond to this communication, litigation proceedings will be commenced against each of you forthwith.

As you will recall, in December 2020, you requested that my clients provide you with funding for the purchase of the Somerset Complex in exchange for a ten (10%) interest in the property. That ten percent (10%) interest was based upon your representations that the property was to be purchased for approximately $8M. On December 22, 2020, my clients wired the sum of $805,000.00 to DB Asset Group LLC's account ending in *9341. As noted in the memo of that transfer, the funds were expressly earmarked for "Purchase- Somerset Complex." (*See* Exhibit 1 attached hereto).

After further investigation, it appears that DB Asset Group LLC did purchase the Somerset Complex. According to the Pinellas County Recorders Office, DB Asset Group LLC purchased the Somerset Complex property on December 18, 2020 from Barry L Mears for a purchase price of

Exh_35_003

$5,725,000-- $2,275,000 less than the purchase price reported to my clients. (*See* Exhibit 2.) Title to the property was taken by DB Asset Group LLC only, with no mention of my clients' property ownership interest, an no subsequent deed has been recorded after receipt of the wire transfer funds to reflect that ownership interest.

Immediately after receiving the $805,000.00 from my clients, DB Asset Group LLC encumbered the property with a $4,007,500.00 loan. (*See* Exhibits 3 and 4.) My clients were neither apprised of this loan, nor signatories to the same. Conversely, it appears that DB Asset Group LLC did not disclose to Pilot Bank my clients' ownership interest in the property either.

My clients have not received the property interest they paid for, and you have continuously refused to respond to any reasonable inquiries regarding the same. This came as a shock to my clients, who over the past several years believed that they had built up a relationship of trust with you. My clients even placed each of you individually on the comjpany's payroll, in addition to providing funds for numerous property investments. In transferring the monies on December 22, 2020, wholly relied upon your integrity and fidelity as demonstrated by that history.

At this point, it is apparent that my clients trust in you was misplaced and they were mislead by false representations to transfer nearly a million dollars to your account for an illusory property investment. At this point, my client seeks only to recover his $805,000, plus interest accrued thereon from December 22, 2020, to date. As there was no consideration given for the transfer, my clients are entitled to rescind that transaction and to recover those funds in their entirety and, thus, such a sum represents the bare minimum that my clients would receive through litigation. However, as explained in my prior letter, the conversion of those monies, failure to account, and deceit practiced to obtain those monies expose each of you to damages far in excess of that amount, including potential punitive damages up to $8,050,000.00.

We have and continue to investigate your assets and, if forced to litigate, will seek orders to attach the same in order to ensure than any judgment will be satisfied.

This is your last opportunity to act in good faith and simply return the monies you extracted from my clients under false pretense. You have already had months to repay this debt. You have until this Friday, **June 18, 2021**, to tender $805,000, plus accrued interest at a rate of 7% per annum from December 22, 2020 to date. Failure to remit payment will result in the initiation of litigation and this offer will be permanently off the table.

Sincerely,
**ALVES RADCLIFFE LLP**


Suzanne M. Alves


SMA:hs


Exh_35_004



Bank of America Plaza          813.229.7600
101 East Kennedy Boulevard     813.229.1660 fax
Suite 2800
Tampa, Florida 33602

THOMAS M. WOOD
(813) 227-2271
twood@shumaker.com

August 3, 2021

**VIA EMAIL: salves@alvesradcliffe.com**
Suzanne M. Alves, Esq.
ALVES RADCLIFFE
2377 Gold Meadow Way, Suite 100
Gold River, California 95670

    *Re:    Integrity Business Partners, LLC vs. DB Asset Group, LLC*
              *Eastern District of California; Case No. 2:21-cv-00187-KJM-KJN*
              *Our File No. P49603-082208*

Dear Ms. Alves:

    We act as outside legal counsel to Pilot Bank which asked us to contact you in response to your letter of July 28, 2021, to Messrs. Harvill and Lewis, seeking assistance facilitating service of subpoenas and coordination of deposition dates in connection with the above-captioned matter. I am available to discuss this matter with you today between 10:30 a.m. and noon or after 2:00 p.m. (EDT), and on Wednesday, August 4, 2021, anytime except between 12:00 p.m. and 1:30 p.m. (EDT).

    Thank you.

              Very truly yours,

              Thomas M. Wood

TMW/mh
cc:    Pilot Bank

Exh_35_005

1  Suzanne M. Alves, SBN 195441
   **ALVES RADCLIFFE LLP**
2  2377 Gold Meadow Way, Ste. 100
   Gold River, California 9670
3  Tel: (916) 333-3375
   E-mail: salves@alvesradcliffe.com
4
   Attorneys for Plaintiff,
5  INTEGRITY BUSINESS PARTNERS LLC,

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11 INTEGRITY BUSINESS PARTNERS, LLC, )   **Case No.:**
   a California Limited Liability Company;, )
12                                          )   **COMPLAINT FOR:**
                                            )   **1) FRAUD AND DECEIT**
13          Plaintiff,                      )   **2) CONVERSION**
                                            )   **3) BREACH OF CONTRACT**
14      v.                                  )   **4) BREACH OF FIDUCIARY DUTY**
                                            )   **5) BREACH OF FIDUCIARY DUTY BY**
15 DB ASSET GROUP, LLC, a Florida Limited   )   **TRUSTEE DE SON TORT**
   Liability Company, GARY DAMBACH JR.,     )
16 an Individual, TODD DAMBACH, an          )
   Individual; and Does 1 through 10, inclusive, )   **DEMAND FOR JURY TRIAL**
17                                          )
                                            )
18          Defendants.                     )
                                            )
19 _____ )

20          COMES NOW plaintiffs INTEGRITY BUSINESS PARTNERS, LLC who alleges as

21 follows:

22          **IDENTIFICATION OF PARTIES AND GROUNDS FOR EXERCISE OF**
                              **JURISDICTION**
23

24          1.      At all times relevant herein, plaintiff INTEGRITY BUSINESS PARTNERS, LLC,

25 and its managing member, RAYMOND ZAK, were citizens of the State of California. At all times

                                          1
                    COMPLAINT FOR FRAUD AND DECEIT *ET AL.*

relevant herein, defendant DB ASSET GROUP, LLC was a limited liability company formed and registered in the State of Florida with a principal place of business at 8575 Somerset Drive, Suite A in Largo, Florida. At all times relevant herein, Defendants GARY DAMBACH JR. and TODD DAMBACH, both managing members of defendant DB ASSET GROUP LLC, were citizens of the State of Florida. The amount of damages in controversy is well excess of $75,000.00, as plead more specifically herein. As such, the above-captioned court has subject matter jurisdiction over this action under 26 U.S.C.§1332.

2. Plaintiff INTEGRITY BUSINESS PARTNERS, LLC is a limited liability company organized under the laws of the State of California with its principal place of business in the City of Gold River, County of Sacramento, State of California.

3. RAYMOND ZAK is an adult male residing in the County of Sacramento, State of California and at all times relevant herein was the managing member of plaintiff INTEGRITY BUSINESS PARTNERS, LLC

4. Defendant DB ASSET GROUP, LLC is a Florida limited liability company registered on or about June 24, 2020, with a principal place of business at 8575 Somerset Drive, Suite A, Largo, Florida.

5. Defendant GARY DAMBACH, JR. is an adult male who, upon information and belief, currently resides in the City of St. Petersburg, County of Pinellas, State of Florida. At all times relevant herein, GARY DAMBACH JR. was a managing member of defendant DB ASSET GROUP, LLC.

6. Defendant TODD DAMBACH is an adult male who, upon information and belief, currently resides in the City of St Petersburg, County of Pinellas, State of Florida. At all times relevant herein, TODD DAMBACH was a managing member of defendant DB ASSET GROUP, LLC.

COMPLAINT FOR FRAUD AND DECEIT *ET AL.*

Exh_35_007

7.    Plaintiff is unaware of the identities of other persons or entities designated as DOES and are informed, believe and based thereon allege that DOES 1-10 are agents, representatives, partners, principals, or affiliates of Defendants and/or others who have conspired with, aided and abetted, directly or actively participated in, and/or ratified the conduct complained of herein. Defendants allege that all defendants designated herein as a DOE are responsible and a direct and legal cause in some manner for the events, acts, and tortious conduct herein referred to, and which caused damage to Plaintiff as set forth in this Complaint. Plaintiff reserves its right to amend this Complaint when the identity of those persons or entities is ascertained.

8.    Plaintiff is informed, believes, and based thereon alleges that at all times pertinent hereto, each Defendant was or is the agent, officer, director, general partner, employer, employee, or other representative of the remaining Defendants, and that each such Defendant at all times herein mentioned committed the acts and omissions complained of within the course and scope of his or its representative capacity with full knowledge, consent, authority, and ratification of the other Defendants named herein.

9.    Plaintiff is informed, believes and based thereon alleges that defendant DB ASSET GROUP, LLC s a mere shell and naked framework created and used by the remaining defendants, GARY DAMBACH JR. and TODD DAMBACH, as a conduit for the conduct of their personal business, properties and affairs and as part of a fraudulent plan, scheme and device to divert income, revenue, assts, property and profits and funnel the same from the entity to themselves. Plaintiff is informed, believes, and based thereon alleges that defendant DB ASSET GROUP, LLC was organized by defendants GARY C. DAMBACH and TODD DAMBACH as a device to avoid liability without adequate capitalization.

10. Plaintiff is informed, believes and based thereon alleges that defendant DB ASSET GROUP, LLC is the alter ego of defendants GARY C. DAMBACH and TODD DAMBACH, and

COMPLAINT FOR FRAUD AND DECEIT *ET AL.*

that such a unity of interest and ownership exists among them that adherence to the fiction of the separate existence of DB ASSET GROUP, LLC would, under the circumstances, sanction fraud and promote injustice.

11. Defendants DB ASSET GROUP, LLC, GARY C. DAMBACH and TODD DAMBACH, and each of them, intentionally availed themselves of this forum by soliciting Plaintiff, on multiple occasions, by telephone and email for the purpose of obtaining investment funds, which monies would be transmitted from the forum State, and that all negotiations over the terms of such investments and Plaintiff's performance occurred via telephone, email and/or wire transfer. Defendants had sustained, continuous and systematic contact with this forum state such that exercise of jurisdiction over defendants, and each of them, is consistent with traditional notions of fair play and substantial justice.

## FACTUAL ALLEGATIONS

12. RAYMOND ZAK initially became acquainted with defendants GARY DAMBACH JR. and TODD DAMBACH in or about 2016, at a business conference. After initial discussions regarding the parties' respective business interests, RAYMOND ZAK and defendants GARY DAMBACH JR. and TODD DAMBACH engaged in conversations regarding potential investments in both real and personal property that the Defendants believed would be mutually beneficial to the parties.

13. Thereafter, plaintiff INTEGRITY BUSINESS PARTNERS, LLC, through its managing member RAYMOND ZAK, proceeded to joint venture with defendants GARY DAMBACH JR. and TODD DAMBACH on various property purchases, real and personal. At Defendants' request, the purchases were made through defendants GARY DAMBACH JR. and TODD DAMBACH without formalizing the terms of the joint venture in a written agreement. Despite the fact that all of the investments were performed by the parties based on a "handshake"

Exh_35_009

agreement, the relationship proved to be a successful one with Plaintiff receiving its profit percentage of the closed transactions.

14.     Because of the successful nature of the ongoing joint venture relationship and Defendants' demonstrated performance of the obligations required for the same, RAYMOND ZAK, as managing member of plaintiff INTEGRITY BUSINESS PARTNERS, LLC, grew to trust in and rely upon the recommendations and suggestions offered by defendants GARY DAMBACH JR. and TODD DAMBACH for new joint venture opportunities. In appreciation for the Defendants efforts, RAYMOND ZAK, as managing member of plaintiff INTEGRITY BUSINESS PARTNERS, LLC, agreed to pay regular compensation to defendants GARY DAMBACH JR. and TODD DAMBACH on a monthly basis as consultants for the company.

15.     On or about January 24, 2020, GARY DAMBACH JR. and TODD DAMBACH formed a limited liability company, DB ASSET GROUP, LLC, in Florida. Plaintiff is informed, believes and based thereon alleges that Defendants formed the LLC for the purpose of purchasing and taking title to the Somerset Complex.

16.     On or about December 21, 2020, defendants GARY DAMBACH JR. and TODD DAMBACH approached Plaintiff with a new investment opportunity- the purchase of a large commercial complex in Largo, Florida referred to as "the Somerset Complex." The Somerset Complex consisted of three real estate parcels with a cluster of office buildings. Defendants explained to Plaintiff that they intended to purchase the Somerset Complex through an LLC, defendant DB ASSET GROUP, LLC, but needed additional funds for a downpayment on the purchase price of $8M. Defendants asked Plaintiff to contribute ten percent (10%) of the purchase price in exchange for a ten percent (10%) ownership interest in the real property.

17.     Based upon Defendants' representations that DB ASSET GROUP, LLC would purchase the Somerset Complex for $8M and that defendant INTEGRITY BUSINESS

COMPLAINT FOR FRAUD AND DECEIT *ET AL.*

Exh_35_0010

PARTNERS, LLC would receive a ten percent (10%) ownership interest in the real property upon payment of $805,000, on December 21, 2020, RAYMONDZAK, as managing member of INTEGRITY BUSINESS PARTNERS, LLC, wire transferred the sum of $805,000.00 to defendant DB ASSET GROUP, LLC. The wire transfer memorandum expressly noted that the funds were earmarked for "Purchase- Somerset Complex."

18. Thereafter, RAYMOND ZAK, as managing member of INTERITY BUSINESS PARTNES, LLC inquired on multiple occasions as to the status of the real estate purchase and Plaintiff's ownership interest. In February 2021, RAYMOND ZAK personally traveled to Florida to meet with defendants GARY DAMBACH JR. and TODD DAMBACH and inquire as to the documentation of INTEGRITY BUSINESS PARTNERS, LLC's ownership interest in the Somerset Complex. At that time, defendants GARY DAMBACH JR. and TODD DAMBACH represented to RAYMOND ZAK, managing member of INTEGRITY BUSINESS PARNERS, LCC that the purchase transaction was still in process but had been stalled due an alleged land survey requirement imposed by the County of Pinellas as a condition to close escrow. Following the February 2021, visit, Defendants refused to respond to further inquiry regarding the status of the purchase or Plaintiff's monies invested therein.

19. Defendants continued silence sounded alarm bells for Plaintiff, who after investigation learned that defendants GARY DAMBACH JR. and TODD DAMBACH had actually completed the purchase of the Somerset Complex prior to the request for funds on December 21, 2020. Defendant DB ASSET GROUP, LLC purchased the Somerset Complex from Barry L. Mears three days prior, on December 18, 2020, for a purchase price of $5,725,000-- $2,275,000 less than the amount reported to Plaintiff. DB ASSET GROUP, LLC took the sole ownership interest in the property; the grant deed did not reference any ownership interest (ten percent (10%) or otherwise) by plaintiff INTEGRITY BUSINESS PARTNERS, LLC.

COMPLAINT FOR FRAUD AND DECEIT *ET AL.*

Exh_35_0011

20. Plaintiff further learned that, immediately after receiving the $805,000 from Plaintiff, DB ASSET GROUP, LLC encumbered the Somerset Complex property with a $4,007,500.00 loan. Plaintiff is informed, believes and based thereon alleges that Defendants, and each of the, used the $805,000 obtained from Plaintiff to secure the $4,007,500 loan from Pilot Bank without disclosing to Pilot Bank the source of those funds, or plaintiff INTEGRITY BUSINESS PARTNERS LLC's interest in the real property.

21. At no time did Defendants, or any of them, disclose their intention to encumber the Somerset Complex property with a $4,007,500 loan, nor did they disclose to the application for such loan with Pilot Bank to Plaintiff. At no time did Plaintiff know of or consent to any loan secured by the Somerset Complex property, including Plaintiff's interest therein.

22, After discovering the facts set forth in paragraphs nineteen (19) through twenty (20) above, on at least two occasions plaintiff INTEGRITY BUSINESS PARTNERS LLC notified Defendants, and each of them, of their intent to rescind the transaction, which was wholly without consideration and induced based upon false representations. Despite receipt of such notifications, Defendants, and each of them, have refused to restore the $805,000.00 to Plaintiff. Plaintiff now seeks to recover those monies for a breach of the parties' oral agreement, as well as all damages flowing therefrom.

### FIRST CAUSE OF ACTION: FRAUD AND DECEIT
### Integrity Business Partners, LLC v. DB Asset Group, LLC, Gary Dambach Jr., Todd Dambach and DOES 1-10

23. Plaintiff incorporates by this reference as though fully set forth herein the allegations set forth in paragraphs one (1) through twenty-two (22) above.

COMPLAINT FOR FRAUD AND DECEIT *ET AL.*

Exh_35_0012

24. In or about December 20-21, 2020, Defendants, and each of them, made false representations of fact to plaintiff INTEGRITY BUSINESS PARTNERS, LLC including, but not limited to:

a. That DB ASSET GROUP, LLC was going to purchase the Somerset Complex in Largo, Florida for a purchase price of $8M; and

b. That DB ASSET GROUP, LLC would grant to plaintiff INTEGRITY BUSINESS PARTNERS, LLC a ten (10%) ownership interest in the Somerset Complex in exchange for receipt of $805,000, representing approximately ten percent (10%) of the purchase price for that real property;

25. In or about February 2021, Defendants, and each of them, made false representations of fact to plaintiff INTEGRITY BUSINESS PARTNERSM LLC including, but not limited to:

a. That escrow for the purchase of the Somerset Complex had not yet closed because the County of Pinellas imposed a land survey requirement as a condition of closing; and

b. That upon close of escrow plaintiff INTEGRITY BUSINESS PARTNERS, LLC would receive its ten percent (10%) ownership interest in the real property.

26. At all times from December 20, 2020, and thereafter, Defendants, and each of them, concealed the true facts from plaintiff INTEGRITY BUSINESS PARTNERS, LLC who, through the exercise of reasonable diligence, could not have ascertained the same. The facts concealed include, but are not limited to:

a. defendant DB ASSET GROUP, LLC had already purchased the Somerset Complex from Barry L. Mears prior to approaching plaintiff INTEGRITY BUSINESS PARTNERS, LLC and asking for purchase monies;

COMPLAINT FOR FRAUD AND DECEIT *ET AL.*

Exh_35_0013

   b.   defendant DB ASSET GROUP, LLC had negotiated a purchase price for the Somerset Complex of $5,725,000; and

   c.   defendant DB ASSET GROUP, LLC did not intend to transfer any ownership interest, in the real property or otherwise, to plaintiff INTEGRITY BUSINESS PARTNERS, LLC as consideration for the $805,000 in monies received.

27.   At all times relevant, Defendants, and each of them, knew that the representations of fact set forth in paragraph twenty-five (25) were false and intended to deceive plaintiff INTEGRITY BUSINESS PARTNERS, LLC through such false representations.

28.   At all times relevant, Defendants, and each of them, knew that the facts set forth in paragraph twenty-six (26) were material to the proposed transaction and concealed those facts in order to induce plaintiff INTEGRITY BUSINESS PARTNERS, LLC to transfer $805,000 to the account of DB ASSET GROUP, LLC.

29.   By engaging in the acts and omissions complained of in paragraphs twenty-four (24) through twenty-six (26) above, Defendants, and each of them, intended to induce plaintiff INTEGRITY BUSINESS PARTNERS, LLC's reliance and plaintiff INTEGRITY BUSINESS PARTNERS, LLC did rely on those acts and omissions.

30.   As a direct and legal result of the acts and omissions complained of, plaintiff INTEGRITY BUSINESS PARTNERS, LLC suffered damage, which includes but is not limited to, $805,000 in monies transferred, loss of the use of those funds, interest accrued thereon, lost profit and other consequential damages in an amount to be proven at trial.

31.   By engaging in the conduct set forth above, defendants DB ASSET GROUP, LLC, GARY DAMBACH JR. and TODD DAMBACH, and each of them, acted intentionally, willfully, fraudulently, oppressively, and maliciously, and that their conduct was despicable and carried on with a willful and conscious disregard for Plaintiff's rights. As such, plaintiff INTEGRITY

9

COMPLAINT FOR FRAUD AND DECEIT *ET AL.*

BUSINESS PARTNERS, LLC is entitled to an award of exemplary damages sufficient to punish these Defendants, and each of them, and to deter future misconduct.

### SECOND CAUSE OF ACTION: CONVERSION
**Integrity Business Partners, LLC v. DB Asset Group, LLC, Gary Dambach Jr., Todd Dambach and DOES 1-10**

32.     Plaintiff incorporates by this reference as though fully set forth herein the allegations set forth in paragraphs one (1) through twenty-two (22) above.

33.     At all times relevant herein, plaintiff INTEGRITY BUSINESS PARTNERS, LLC was the true owner of funds maintained in an account with BBVA USA, with the right to possess, retain or dispose of those funds in amounts and a manner solely determined by Plaintiff and its managing member, RAYMOND ZAK.

34.     On December 21, 2020, plaintiff INTEGRITY BUSINESS PARTNERS, LLC transferred by wire the sum of $805,000 from its BBVA USA account to defendant DB ASSET GROUP, LLC, for the sole purpose of purchasing a ten percent (10%) ownership interest in the Somerset Complex and no other purpose.

35.     From December 21, 2020, and continuing to present day, Defendants, and each of them, have wrongfully retained and detained $805,000 in funds received from Plaintiff and refused all demands for return of those funds.

36.     As a direct and legal result of the acts and omissions complained of, plaintiff INTEGRITY BUSINESS PARTNERS, LLC suffered damage, which includes but is not limited to, $805,000, loss of the use of those funds, interest accrued thereon, lost profits and other consequential damages in an amount to be proven at trial.

37.     By engaging in the conduct set forth above, defendants DB ASSET GROUP, LLC, GARY DAMBACH JR. and TODD DAMBACH, and each of them, acted intentionally, willfully,

COMPLAINT FOR FRAUD AND DECEIT *ET AL.*

Exh_35_0015

fraudulently, oppressively, and maliciously, and that their conduct was despicable and carried on with a willful and conscious disregard for Plaintiff's rights. As such, plaintiff INTEGRITY BUSINESS PARTNERS, LLC is entitled to an award of exemplary damages sufficient to punish these Defendants, and each of them, and to deter future misconduct.

### THIRD CAUSE OF ACTION: BREACH OF CONTRACT
### Integrity Business Partners, LLC v. DB Asset Group, LLC and DOES 1-10

38. Plaintiffs incorporate by this reference as though fully set forth herein the allegations set forth in paragraphs one (1) through twenty-two (22) above.

39. On or about December 21, 2020, an oral contract was formed between plaintiff INTEGRITY BUSINESS PARTNERS, LLC and defendant DB ASSET GROUP LLC. The terms and conditions of the agreement were as follows: plaintiff INTEGRITY BUSINESS PARTNERS, LLC would provide the sum of $805,000 cash to defendant DB ASSET GROUP LLC for the purpose of purchasing real property known as "the Somerset Complex" and, upon receipt of those monies, defendant would grant to plaintiff a ten percent (10%) ownership interest in that real property.

40. Plaintiff INTEGRITY BUSINESS PARTNERS, LLC performed all of its obligations of the parties' oral agreement.

41. Defendant DB ASSET GROUP LLC breached its obligations under the parties' agreement and failed to execute a deed granting to INTEGRITY BUSINESS PARTNERS LLC its promised ten percent (10%) ownership interest in the Somerset Complex.

42. As a direct and legal result of defendant DB ASSET GROUP LLC's breach, plaintiff INTEGRITY BUSINESS PARTNERS LLC has suffered damages in an amount of $805,000, plus interest accrued thereon.

### FOURTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY
**Integrity Business Partners LLC v. DB Asset Group LLC, GARY DAMBACH JR., TODD DAMBACH and DOES 1-10**

43.    Plaintiff incorporates by this reference as though fully set forth herein the allegations set forth in paragraphs one (1) through twenty-two (22) above.

44.    At all times relevant herein, the parties were joint venturers and, as such, each owed to the others fiduciary obligations including, but not limited to, the duty to refrain from acting in a manner to exclude plaintiff INTEGRITY BUSINESS PARTNERS, LLC from securing the benefit of its participation in the joint venture by acquiring the Somerset Complex to the exclusion of Plaintiff.

45.    Defendants, and each of the, breached their fiduciary obligations owed to plaintiff INTEGRITY BUSINESS PARTNERS, LLC by acquiring and holding title to the Somerset Complex in the name of DB ASSET GROUP, LLC only, to the exclusion of Plaintiff's right and interest in such title, in derogation of the intent and purpose of the joint venture.

46.    As a direct and legal result of the acts and omissions complained of, plaintiff INTEGRITY BUSINESS PARTNERS, LLC suffered damage, which includes but is not limited to, the fair market value of a ten percent (10%) ownership interest in the Somerset Complex, loss of the use of those funds, interest accrued thereon, lost profits and other consequential damages in an amount to be proven at trial.

47.    By engaging in the conduct set forth above, defendants DB ASSET GROUP, LLC, GARY DAMBACH JR. and TODD DAMBACH, and each of them, acted intentionally, willfully, fraudulently, oppressively, and maliciously, and that their conduct was despicable and carried on with a willful and conscious disregard for Plaintiff's rights. As such, plaintiff INTEGRITY BUSINESS PARTNERS, LLC is entitled to an award of exemplary damages sufficient to punish these Defendants, and each of them, and to deter future misconduct.

Exh_35_0017

**FIFTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY BY TRUSTEE DE SON TORT**
**Integrity Business Partners, LLC v. DB Asset Group, LLC, GARY DAMBACH JR., TODD DAMBACH and DOES 1-10**

48.     Plaintiff incorporates by this reference as though fully set forth herein the allegations set forth in paragraphs one (1) through twenty-two (22), and forty-four (44) and forty-five (45) above.

49.     On or about December 21, 2020, Defendants, and each of the, took actual possession of $805,000 of Plaintiff's monies for the purpose of purchasing for Plaintiff's benefit a ten percent (10%) ownership interest in the Somerset Complex.

50.     In voluntarily accepting possession of Plaintiff's $805,000 became a constructive trustee and, as a result, at all times thereafter owed to Plaintiff INTEGRITY BUSINESS PARTNERS, LLC fiduciary obligations including, but not limited to, the obligation to refrain from action that would benefit Defendants to plaintiff INTEGRITY BUSINESS PARTNERS, LLC'S disadvantage.

51.     Defendants, and each of them, breached the fiduciary duties owed to plaintiff INTEGRITY BUSINESS PARTNERS, LLC.

52.     As a direct and legal result of the acts and omissions complained of, plaintiff INTEGRITY BUSINESS PARTNERS, LLC suffered damage, which includes but is not limited to, the fair market value of a ten percent (10%) ownership interest in the Somerset Complex, loss of the use of those funds, interest accrued thereon, lost profits and other consequential damages in an amount to be proven at trial.

53.     By engaging in the conduct set forth above, defendants DB ASSET GROUP, LLC, GARY DAMBACH JR. and TODD DAMBACH, and each of them, acted intentionally, willfully, fraudulently, oppressively, and maliciously, and that their conduct was despicable and carried on

COMPLAINT FOR FRAUD AND DECEIT *ET AL.*

Exh_35_0018

with a willful and conscious disregard for Plaintiff's rights. As such, plaintiff INTEGRITY BUSINESS PARTNERS, LLC is entitled to an award of exemplary damages sufficient to punish these Defendants, and each of them, and to deter future misconduct.

WHEREFOR, plaintiff INTEGRITY BUSINESS PARTNERS LLC prays for relief as follows:

On Plaintiff's First, Second, Fourth and Fifth Causes of Action:

1.      Compensatory damages of at least $805,000, in an amount to be proven at trial;

2.      Imposition of a constructive trust over Defendants' assets;

3.      An accounting of all profits derived from the use of Plaintiff's funds and restitution of such monies to avoid unjust enrichment;

4.      Prejudgment and postjudgment interest;

5.      Exemplary damages in an amount sufficient punish and deter Defendants;

6.      Costs of suit; and

7.      Any such other and further relief as the Court may deem proper.

On Plaintiff's Third Cause of Action:

1.      Compensatory damages of $805,000;

2.      Interest accrued thereon;

3.      Costs of suit; and

4.      Any such other and further relief as the Court may deem proper.

Dated: July __, 2021                          **ALVES RADCLIFFE LLP**


                                              _____
                                              By: SUZANNE M. ALVES
                                              Attorney for Plaintiff
                                              INTEGRITY BUSINESS PARTNERS, LLC

COMPLAINT FOR FRAUD AND DECEIT *ET AL.*

Exh_35_0019

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### DEMAND FOR JURY TRIAL

Plaintiff INTEGRITY BUSINESS PARTNERS, LLC hereby demands a jury trial on all causes of action so triable.

Dated: July __, 2021                  **ALVES RADCLIFFE LLP**

_____

By: SUZANNE M. ALVES
Attorney for Plaintiff
INTEGRITY BUSINESS PARTNERS, LLC

COMPLAINT FOR FRAUD AND DECEIT *ET AL.*

Exh_35_0020



| Add check ▾ | | | | |
|---|---|---|---|---|
| 12/21/2020 Exh_35_0021 | | | TODD D | $805,000.00 |
| | Transfer | Investment in LLC | | |

| 12/30/2020 | | | | $10,000.00 |
| Exh_35_0022 | Transfer | Investment in LLC | | |

| 12/08/2020 | | | | $75,000.00 |
| Exh_35_0023 | Transfer | Investment in LLC | | |